UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRENDA GEHRCKE,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY, et al.,

      Defendants.
_____/

Case No. 2:21-cv-00210

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

On June 3, 2022, this Court reversed the decision of the Commissioner of Social Security ("the Commissioner") and remanded this case under sentence four of 42 U.S.C. § 405(g) for further proceedings. (ECF Nos. 19, 20.) Following remand, Counsel for Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA). (ECF No. 21.) On July 25, 2022, the Court issued an order granting this motion and awarding fees in the amount of $4995.90 and costs of $402.00. (ECF Nos. 21 and 23.) On remand, the Commissioner awarded Plaintiff Social Security benefits. (ECF No. 26, PageID.5453-5459.) Plaintiff represents that the Commissioner awarded past-due benefits in the amount of $54,898. (ECF No. 26, PageID.5446.) On May 20, 2024, Plaintiff's counsel filed a motion for attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,724.50. (ECF No. 26.) Plaintiff's counsel represents to the Court that this motion is unopposed. (ECF No. 26, PageID.5445.) This Report and Recommendation (R&R) addresses this motion.

## II. Analysis

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "The statute deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002); *see Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019). "[E]ach tribunal may award fees only for the work done before it." *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits. "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. Section 406(b) "does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802.

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line:

2

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

Counsel and Plaintiff executed a retainer agreement which provided that Plaintiff agreed to pay counsel up to twenty-five percent (25%) of past-due benefits awarded. (ECF No. 26-1, PageID.5451.) Although there exists a presumption of reasonableness to a 25 percent contingency-fee arrangement, counsel is not automatically entitled to 25 percent of his client's past-due benefits. *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014). Instead, the Court has an independent obligation to assess the reasonableness of a request for attorney fees. *Gisbrecht*, 535 U.S. at 807.

Plaintiff's counsel established that he spent 23.7 hours on Plaintiff's appeal in this Court (ECF No. 26-3, PageID.5461-5462.) Plaintiff's counsel has shown that his request for a fee award is reasonable.

### III.  Recommendation

It is respectfully recommended that the Court GRANT Counsel's request for fees under 42 U.S.C. § 406(b) and award $13,724.50 (less the EAJA fee of $4,995.90 that was previously awarded, for a total amount of $8,728.60).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  May 31, 2024                    /s/ *Maarten Vermaat*
                                        MAARTEN VERMAAT
                                        U.S. MAGISTRATE JUDGE